JOHN S. LEONARDO
United States Attorney
District of Arizona

KRISSA M. LANHAM
krissa.lanham@usdoj.gov
CHRISTINE D. KELLER
Illinois State Bar No. 6281316
christine.keller@usdoj.gov
Assistant United States Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1200
Phoenix, Arizona 85004
Telephone: 602-514-7500
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-14-119-PHX-DGC (SPL) |
| Plaintiff, | |
| vs. | **GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM AND OBJECTION TO THE PRE-SENTENCE REPORT** |
| Charles William Bunnell, II, | |
| Defendant. | |

Now comes the United States of America, by and through its undersigned attorneys, and submits its supplemental sentencing memorandum. On May 26, 2014, the Court requested that the parties address several issues: (1) the conflict between the language of § 2G1.1(c)(1), which references "conduct described in 18 U.S.C. § 2241(a) or (b)" (which includes attempt, but also a jurisdictional element that the crime be committed "in the special maritime and territorial jurisdiction of the United States or in a Federal prison . . . .") and Commentary Note 4(A) to § 2G1.1(c)(1), which does not specifically reference attempted conduct; and (2) the Court's ability to vary upwards significantly – essentially, 15 levels, if the Court were to bring Defendant within the same guidelines range – under existing case law. In addition to briefing these issues, the government now suggests an alternative application of the guidelines, using U.S.S.G.

§§ 2X1.1 and 2G1.1(a)(1), as the correct solution. Using the combination of U.S.S.G. §§ 2X1.1 and 2G1.1(a)(1) is supported by the text of the guidelines in this case, and is the method used by Probation Offices in other jurisdictions to calculate the guidelines in Conspiracy to Commit Sex Trafficking by Force, Fraud or Coercion cases. In addition, using U.S.S.G. §§ 2X1.1 and 2G1.1(a)(1) squares with Judge Bolton's treatment of the guidelines in a very similar Attempt to Commit Sex Trafficking by Force, Fraud or Coercion case, *United States v. Kandl*, No. CR-13-1732-PHX-SRB.

> A. <u>The Court Should Apply U.S.S.G. §§ 2X1.1 and 2G1.1(a)(1) to Accurately Calculate the Guidelines in this Case</u>

Defendant pleaded guilty to Conspiracy to Commit Sex Trafficking by Force, Fraud or Coercion in violation of 18 U.S.C. § 1594 and 1591. (Plea Agreement, ECF No. 114, at 1.) The initial and revised PSRs each look directly to U.S.S.G. § 2G1.1, Promoting a Commercial Sex Act or Prohibited Sexual Conduct with an Individual Other than a Minor, to calculate the base offense level. The PSR concludes that the base offense level is 14, presumably because "the offense of conviction" is not technically 18 U.S.C. § 1591(b)(1) because Defendant pleaded to a Conspiracy to Commit Sex Trafficking under 18 U.S.C. § 1594. *See* U.S.S.G. § 2G1.1(a)(1) (providing for a base offense level of 34 "if the offense of conviction is 18 U.S.C. § 1591(b)(1)," and a base offense level of "14, otherwise."). Assuming this was the rationale behind the Probation Officer's decision, and looking at the language of § 2G1.1(a)(1) and PSRs produced in other Conspiracy to Commit Sex Trafficking cases in this District, the government objected to the lack of application of the cross-reference in § 2G1.1(c)(1).

In retrospect, and after consulting with other districts across the United States on how the guidelines are applied in Conspiracy to Commit Sex Trafficking by Force, Fraud or Coercion cases, the government should have made a slightly different objection that ultimately results in a base offense level of 34.

A conviction for violating 18 U.S.C. § 1594, Conspiracy to Commit Sex Trafficking by Force, Fraud or Coercion, is not expressly covered by a specific guidelines

offense. *See* U.S.S.G. Appendix A (listing no guideline covering 18 U.S.C. § 1594). The Court should therefore properly look to U.S.S.G. § 2X1.1, Attempt, Solicitation, or Conspiracy (Not Covered by a Specific Offense Guideline), in calculating Defendant's guideline range. Section 2X1.1(a) instructs the Court that the base offense level for a conspiracy conviction is calculated by using "[t]he base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty." A "substantive offense" is defined as "the offense that the defendant was convicted of soliciting, attempting, or conspiring to commit." U.S.S.G. § 2X1.1, Commentary Note 2.

The underlying substantive offense that Defendant committed was Sex Trafficking by Force, Fraud or Coercion in violation of 18 U.S.C. § 1591(b)(1). *See* Plea Agreement, ECF No. 114, at 1 ("The defendant will plead guilty to Count 1 of an Information charging the defendant with a violation of 18 United States Code (U.S.C.) § 1594(c) and 1591, Conspiracy to Commit Sex Trafficking by Force, Fraud or Coercion . . . ."); Information, ECF No. 111, at 1-2 ("The defendant . . . did . . . conspire . . . to . . . recruit, entice, harbor, transport, provide, obtain, and maintain by any means, a person, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion would be used to cause the person to engage in a commercial sex act."); 18 U.S.C. § 1591(a)(1) ("Whoever knowingly . . . recruits, entices, harbors, transports, provides, obtains, or maintains by any means a person . . . knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, . . . shall be punished as provided in subsection (b)."); 18 U.S.C. § 1591(b)(1) (describing punishment "if the offense was effected by means of force, threats of force, fraud, or coercion described in subsection (e)(2)"). Although Defendant's Plea Agreement and Information did not specifically cite to 18 U.S.C. § 1591(b)(1) because he was pleading guilty to Conspiracy, it is clear from the language in both documents, which tracks the statutory language of 18 U.S.C. § 1591(b)(1)

exactly, that the substantive offense underlying the Conspiracy Conviction is Sex Trafficking by Force, Fraud or Coercion in violation of 18 U.S.C. § 1591(a) and (b)(1).[1]

The PSR, applying U.S.S.G. § 2X1.1, should therefore have looked for the substantive offense of Sex Trafficking by Force, Fraud or Coercion in violation of 18 U.S.C. § 1591(a) and (b)(1) to provide the appropriate base offense level. That base offense level is 34, under § 2G1.1(a)(1). The government therefore objects to the base offense level calculation contained in the final PSR, and maintains that U.S.S.G. § 2X1.1 and 2G1.1(a)(1) should have been used to calculate the base offense level, resulting in a correct base offense level of 34.

Supporting the clear text of the guidelines, charging documents, and plea agreement, other district courts have applied the guidelines in this manner for convictions for Conspiracy to Commit Sex Trafficking by Force, Fraud or Coercion.[2] *See United States v. Li*, No. 1:12-CR-00012, 2013 WL 638601, at \*2 (D. N. Mar. I. Feb. 21, 2013) ("A conspiracy to violate Section 1591 involves the same conduct as a substantive violation. Thus, the base offense level of Guideline Section 2G1.1, 34, is the proper base offense level for Guideline Section 2X1.1."); *see also United States v. Cortes-Castro*, 511 F. App'x 942, 943-44 (11th Cir. 2013) (noting in *dicta* that the district court had applied

---

[1] The Northern Marianas Islands district court in *United States v. Li* described § 2G1.1(a)(1)'s reference to the "offense of conviction" as 18 U.S.C. § 1591(b)(1) as "misleading" because, as recognized in *United States v. Todd*, 627 F.3d 329, 334 (9th Cir. 2010), "[s]ection (b) . . . does not create a new crime. It specifies the penalties for each of the crimes set out in (a)." *United States v. Li*, No. 1:12-CR-00012, 2013 WL 638601, at \*2 (D. N. Mar. I. Feb. 21, 2013). The district court in *Li* noted that "the offense of conviction" is defined as "the offense conduct charged in the count of the indictment or information of which the defendant was convicted," which for purposes of § 1591(b)(1), is "the use of 'means of force, threats of force, fraud, or coercion[,] . . . or any combination of such means . . ." to "effect[ ]" the trafficking." *Id.*

[2] The government notes that this is exactly how Judge Bolton applied the guidelines to a conviction for Attempted Sex Trafficking by Force, Fraud or Coercion under 18 U.S.C. § 1594 in *United States v. Kandl*, No. CR-13-1732-PHX-SRB. Kandl, who was arrested as part of the same operation as Defendant, had his guidelines calculated using U.S.S.G. § 2X1.1 (including a 3-level specific offense characteristic that does not apply in this case) and a base offense level of 34 under § 2G1.1(a)(1).

- 4 -

§ 2X1.1 and § 2G1.1(a)(1) to give a base offense level of 34 for defendants' convictions for conspiring to traffic women to engage in commercial sex acts by force or coercion). Although it is difficult to tell from the district court sentencing dockets without written orders, the PSRs calculated, and district courts also appear to have recently applied, the guidelines in the same way—frequently over defense objections—in *United States v. Porter et al.*, No. 12-97(A)-JLS (C. D. Ca. Feb. 20, 2015); *United States v. Hill*, No. 1:12-cr-285-WSD (N. D. Ga. Jul. 17, 2014); *United States v. Bonifacio*, No. S14 13-CR-31-02-KBF (S. D. N. Y. May 30, 2014); *United States v. Weller*, No. 12CR5154-W (S. D. Ca. Apr. 29, 2013); *United States v. Singh*, No. CR-11-00883-1-PJH (N. D. Ca. Apr. 18, 2012); *cf. United States v. Roy*, No. PWG-13-0249 (D. Md. Jul, 22, 2014) (applying base offense level 14 for conspiracy conviction under 18 U.S.C. § 1594 due to "error in the guidelines," namely, although 2X1.1 would compel the court to apply a base offense level of 34, Congress could not have intended that when it enacted § 1594 conspiracy with no mandatory minimum sentence that the guidelines be the same for mandatory minimum offenses).

Under the text of the guidelines, and consistent with the practices of other district courts, the government therefore supplements its initial objection to the PSR, and asks this Court to apply U.S.S.G. §§ 2X1.1 and § 2G1.1(a)(1) to calculate Defendant's base offense level as 34. The government's sentencing recommendation remains unchanged despite the higher guidelines range that this revision would entail.

B. <u>Alternatively, the Cross-Reference Described in U.S.S.G. § 2G1.1(c)(1) Applies</u>

The government argued in its initial PSR objection that the cross-reference described in U.S.S.G. § 2G1.1(c)(1) applies to Defendant's case. Should the Court reject the government's supplemental objection to the PSR, above, the government herein provides additional authority for its position.

The Court's asked two related questions regarding the application of the cross-reference: (1) whether there was authority for the government's position that—if reading

- 5 -

the text of the guideline, which provides that "if the offense involved conduct described in 18 U.S.C. § 2241(a) or (b)," a cross-reference to § 2A1.3 applies, to essentially trump Commentary Note 4—the Court could ignore the jurisdictional element included in 18 U.S.C. § 2241 due to the specific reference to "conduct"; and (2) whether, alternatively, the Court could imply attempt into Commentary Note 4, which does not specifically refer to attempt.

As to the first question, two circuit court opinions suggest that the Court should apply the cross-reference to § 2A1.3 based on Defendant's conduct, without regard to the jurisdictional element. Most persuasively and very recently, in a published opinion, the Sixth Circuit held that a cross-reference provision identically-worded in all pertinent aspects to § 2G1.1(c)(1) refers to a defendant's conduct only, regardless of where it occurred.[3] *United States v. Al-Maliki*, No. 14–3386, 2015 WL 3387657, at *8 (6th Cir. May 27, 2015). Specifically, the Sixth Circuit stated:

> Because the offenses described in §§ 2241(a) and (b) must occur in specific locations ( e.g., "the special maritime and territorial jurisdiction of the United States"), al-Maliki argues that the enhancement should carry with it the same geographic component. But the "conduct described in 18 U.S.C. § 2241" is narrower than the offense described in § 2241. Punching someone in the arm is the same conduct whether the punch occurs in Syria, Cleveland, or Timbuktu. Application Note 2(A) to the guideline confirms this plain reading by listing the conduct—including but not limited to using force—that qualifies for the enhancement.

*Id*. Here, just as in *Al-Maliki*, "conduct described in 18 U.S.C. § 2241(a) or (b)" is narrower than the offenses described in § 2241(a) or (b), and therefore does not imply a jurisdictional requirement. Defendant's conduct in this case constituted Attempt to Commit Criminal Sexual Abuse whether it occurred in Phoenix or Timbuktu or a federal prison facility. Further, just as in Application Note 2(A) to § 2A3.1(b)(1), which the court

---

[3] The Sixth Circuit was considering the cross-reference in § 2A3.1(b)(1), which states, "[i]f the offense involved conduct described in 18 U.S.C. § 2241(a) or (b), increase by 4 levels."

- 6 -

was considering, Application Note 4(A) to § 2G1.1(c)(1) supports the notion that it is conduct, irrespective of jurisdiction, that the guidelines direct the Court to consider.

Dicta in a Second Circuit opinion also supports the government's position. In *United States v. Gilmore*, 599 F.3d 160, 168 (2d Cir. 2010), the circuit court was considering another guideline cross-referencing "conduct described in 18 U.S.C. § 2241(a) or (b)." In a footnote, the Second Circuit stated:

> Second, as to the enhancement for engaging in sexual "conduct described in" 18 U.S.C. § 2241(b), see U.S.S.G. § 2G2.1(b)(2)(B) (2004), Gilmore's only argument for inapplicability is based on the fact that his offense did not occur "within federal jurisdiction," as required for a violation of section 2241(b). Gilmore conceded that he had committed the acts that would constitute a violation of the statute if done within the "special maritime and territorial jurisdiction of the United States." See 18 U.S.C. § 2241(b); Resentencing Tr. at 34 ("[T]he acts my client committed are in fact acts described in 2241."). We have never ruled on whether the enhancement specified in U.S.S.G. § 2G2.1(b)(2)(B) applies when the acts constituting violations of section 2241(b) are committed but the jurisdictional prerequisites for prosecution under that statute are not satisfied. There is at least a strong argument that the Guideline enhancement does apply. The guideline refers to "conduct described in" section 2241, not a "violation of" section 2241. "Conduct" seems to refer to the defendant's actions rather than to whether his actions occurred in circumstances that would give rise to federal jurisdiction; the purpose of the enhancement is to increase punishment for a category of particularly heinous acts. Whether those acts were committed in circumstances giving rise to federal legislative jurisdiction is irrelevant to the justification for increased punishment. To interpret the guideline the way Gilmore urges would substantially defeat its purpose.

*Gilmore*, 599 F.3d at 168 n.6. Although the panel did not rule on the question, its logic is persuasive and the Court should follow it here. *See also United States v. Flanders*, 752 F.3d 1317, 1339 (11th Cir. 2014) (upholding application of cross-reference in § 2G1.1 where the defendant "gave drugs to women who did not know the alcohol they were drinking contained drugs, and Callum then had sex with them," where facts suggest that the government did not meet the jurisdictional element).

As to the Court's second question—whether Commentary Note 4(A) can be read

to implicitly include attempt—the government could only find one decision arguably on point. Although the case supports the government's argument, its value is limited by its unpublished, out-of-circuit status. *See United States v. Monsalve*, 342 F. App'x 451, 454 n. 6 (11th Cir. 2009) ("For purposes of [the cross-reference in § 2G1.1], conduct described in 18 U.S.C. § 2242 includes *an attempt to* 'engag[e] in, or caus[e] another person to engage in, a sexual act with another person by threatening or placing the victim in fear . . . that any person will be subject to death, serious bodily injury, or kidnapping.") (emphasis added).

If the Court rejects the government's argument for application of §§ 2X1.1 and 2G1.1(a)(1), the government therefore rests on its position that the cross-reference to § 2A3.1 should apply based the clear language of § 2G1.1(c)(1) and without regard to the lack of 'attempt' language in the Commentary, because Defendant's offense "involved conduct described in 18 U.S.C. § 2241(a) or (b)." Persuasive authority from other circuits makes clear that the Court can apply this cross-reference without importing the jurisdictional requirement of 18 U.S.C. § 2241.

C. <u>The Court has Discretion to Vary Significantly</u>

The Court's final question was whether, assuming the base offense level was 14, it had discretion to vary upwards so significantly that the guidelines were essentially nullified. If the Court rejects each of the government's bases for a guidelines calculation higher than 14, the government submits that the Court has sufficient discretion to vary upwards to impose a 108-month sentence, as the government recommends.

As a basic framework, *United States v. Carty*, 520 F.3d 984, 991-92 (9th Cir. 2008), and *Gall v. United States*, 552 U.S. 38, 46 (2007), require a district court deviating from the guidelines to ensure that "a major departure should be supported by a more significant justification than a minor one." *Carty* and *Gall* allow for the possibility of "major departure[s]" where the district court has significant justification. Further, 18 U.S.C. § 3553(b)(2)(A)(i) and U.S.S.G. § 5K2.0(a)(1)(B) provide a basis for an upward departure "in the case of . . . sexual offenses, [if] the court finds . . . that there exists an

aggravating circumstance, of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that, in order to advance the objectives set forth in 18 U.S.C. § 3553(a)(2), should result in a sentence different from that described." The Court therefore has even greater discretion, statutorily codified, in offenses under § 1591 to upwardly depart to account for aggravating circumstances not adequately taken into consideration by the guidelines. If the Court finds by clear and convincing evidence that such aggravating circumstances exist, even a 15-level departure would be within its discretion. *See, e.g.*, *United States v. Fitch*, 659 F.3d 788, 798 (9th Cir. 2011) (collecting cases in which district courts found defendants' relevant, unaccounted-for conduct to include murder, varying upwards by 15-23 levels).

If Defendant's base offense level is 14 based on a lack of clarity in the guidelines for how to handle 18 U.S.C. § 1594 conspiracy convictions, and the guidelines calculation would result in a sentence so disproportionately low compared to other defendants who committed similar—but actually less egregious—conduct, the Court would be faced with exactly the type of situation warranting a substantial departure under 18 U.S.C. § 3553(b)(2)(A)(i) and U.S.S.G. § 5K2.0(a)(1)(B).

D. Conclusion

For the foregoing reasons, the government asks the Court to use §§ 2X1.1 and 2G1.1(a)(1) of the sentencing guidelines to provide Defendant's base offense level as 34. If the Court disagrees, the government requests that the Court overrule Defendant's objection to applying the cross-reference contained within U.S.S.G. § 2G1.1(c)(1) because it applies to Defendant's conduct regardless of where the conduct occurred. Finally, should the Court rule against the government on either argument, the government

//

//

asks the Court to use its discretion to depart upward significantly to impose a sentence of 108 months.

Respectfully submitted this 12th day of June, 2015.

JOHN S. LEONARDO
United States Attorney
District of Arizona

 *s/Krissa M. Lanham*
KRISSA M. LANHAM
CHRISTINE D. KELLER
Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrants:

Jeffrey Williams
Advisory Counsel for defendant Charles William Bunnell, II

And the following non-CM/ECF registrant via U.S. mail:

Charles Bunnell
Central Arizona Detentions Center
1155 North Pinal Parkway,
Florence, AZ 85132
ATTN: Charles Bunnell #17145408
900 Unit, F Pod, Cell 102

_s/ Krissa M. Lanham_
U.S. Attorney's Office