1  JOHN S. LEONARDO
   United States Attorney
2  District of Arizona

3  KRISSA M. LANHAM
   krissa.lanham@usdoj.gov
4  CHRISTINE D. KELLER
   Illinois State Bar No. 6281316
5  christine.keller@usdoj.gov
   Assistant U.S. Attorneys
6  Two Renaissance Square
   40 N. Central Ave., Suite 1200
7  Phoenix, Arizona  85004
   Telephone:  602-514-7500
8  Attorneys for Plaintiff

9              IN THE UNITED STATES DISTRICT COURT

10              FOR THE DISTRICT OF ARIZONA

11
   United States of America,                    CR- 14-119-PHX-DGC (SPL)
12
                        Plaintiff,
13                                              **PLEA AGREEMENT**
        vs.
14

15  Charles William Bunnell II,

16                        Defendant.

17          Plaintiff, United States of America, and the defendant, Charles William Bunnell II,

18  hereby agree to dispose of this matter on the following terms and conditions:

19  **1.     PLEA**

20          The defendant will plead guilty to Count 1 of an Information charging the

21  defendant with a violation of 18 United States Code (U.S.C.) § 1594(c) and 1591,

22  Conspiracy to Commit Sex Trafficking by Force, Fraud or Coercion, a Class A felony

23  offense, and will admit the forfeiture allegations contained within the Information.

24  **2.     MAXIMUM PENALTIES**

25          a.     A violation of 18 U.S.C. § 1594(c) and 1591, is punishable by a maximum

26  fine of $250,000, a maximum term of imprisonment of life in prison, or both, and a term

27  of supervised release of up to five years.

28

**SCANNED**

b.      According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

(1)      make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

(2)      pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3)      serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

(4)      pay upon conviction a $100 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013(a)(2)(A).

c.      The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence.  However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

3.    **AGREEMENTS REGARDING SENTENCING**

a.      <u>Stipulation</u>. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that the defendant's sentence will not exceed 180 months.

b.      <u>Stipulation</u>. Sex Offender Conditions.   The defendant agrees to the following additional sex offender conditions during the term of supervised release: within three days of release from prison or sentence to probation, the defendant shall register as a sex offender in accordance with tribal, state and federal law in any jurisdiction in which he resides, is employed or is a student, and provide the supervising probation officer with verification of registration. During the term of supervised release, the defendant shall undergo sex offender treatment and counseling as directed by the probation department and as ordered by the court.

c.    <u>Assets</u>.  The defendant shall make a full accounting of all assets in which the defendant has any legal or equitable interest.  The defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures).

d.    <u>Acceptance of Responsibility</u>.  If the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(a).  If the defendant has an offense level of 16 or more, the United States will recommend an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

**4.    <u>AGREEMENT TO DISMISS OR NOT TO PROSECUTE</u>**

a.    Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States shall dismiss the following charges: Counts 1 and 2 of the Indictment.

b.    This office shall not prosecute the defendant for any offenses committed by the defendant, and known by the United States, in connection with procuring Scopolamine from China in December 2013.

c.    This agreement does not, in any manner, restrict the actions of the United States in any other district or bind any other United States Attorney's Office.

**5.    <u>COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION</u>**

a.    If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give the defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

b.    If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States

1  shall be free to prosecute the defendant for all crimes of which it then has knowledge and

2  any charges that have been dismissed because of this plea agreement shall automatically

3  be reinstated.  In such event, the defendant waives any and all objections, motions, and

4  defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional

5  restrictions in bringing later charges or proceedings.  The defendant understands that any

6  statements made at the time of the defendant's change of plea or sentencing may be used

7  against the defendant in any subsequent hearing, trial, or proceeding subject to the

8  limitations of Fed. R. Evid. 410.

9  **6.      WAIVER OF DEFENSES AND APPEAL RIGHTS**

10       The defendant waives (1) any and all motions, defenses, probable cause

11 determinations, and objections that the defendant could assert to the indictment or

12 information; and (2) any right to file an appeal, any collateral attack, and any other writ

13 or motion that challenges the conviction, an order of restitution or forfeiture, the entry of

14 judgment against the defendant, or any aspect of the defendant's sentence, including the

15 manner in which the sentence is determined, including but not limited to any appeals

16 under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and

17 2255 (habeas petitions), and any right to file a motion for modification of sentence,

18 including under Title 18, U.S.C., § 3582(c).  This waiver shall result in the dismissal of

19 any appeal, collateral attack, or other motion the defendant might file challenging the

20 conviction, order of restitution or forfeiture, or sentence in this case.

21 **7.      DISCLOSURE OF INFORMATION**

22       a.      The United States retains the unrestricted right to provide information and

23 make any and all statements it deems appropriate to the U.S. Probation Office and to the

24 Court in connection with the case.

25       b.      Any information, statements, documents, and evidence that the defendant

26 provides to the United States pursuant to this agreement may be used against the

27 defendant at any time.

28

c.     The defendant shall cooperate fully with the U.S. Probation Office.  Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

(1)     criminal convictions, history of drug abuse, and mental illness; and

(2)     financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

**8.     FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

a.     Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

**9.     ELEMENTS**

**Conspiracy to Engage in Sex Trafficking by Force, Fraud or Coercion**

Beginning on an unknown date before December 30, 2013, and continuing until on or about January 25, 2014, in the District of Arizona and elsewhere:

1.     There was an agreement between two or more persons to commit the crime of sex trafficking by force, fraud or coercion; and

2.     The defendant became a member of the conspiracy knowing of at least one of its elements and intending to help accomplish it; and

3.     One of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

The elements of the crime of Sex Trafficking by Force, Fraud or Coercion are as follows:

1. One of the co-conspirators knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained by any means an individual;

2. The co-conspirator did so knowing or in reckless disregard of the fact that means of force, threats of force, fraud, coercion, or any combination of such means would be used to cause the person to engage in a commercial sex act; and

3. The co-conspirator's acts were in or affected interstate commerce.

**10.    FACTUAL BASIS**

a. The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

b. Beginning on an unknown date before December 30, 2013, and continuing until on or about January 25, 2014, I agreed with another individual known to me, who is not a law enforcement officer, to commit the crime of sex trafficking by force, fraud or coercion. On August 23, 2013, I responded to an email from an undercover FBI agent; in my response, I indicated that I was interested in an upcoming slave auction. I subsequently had email and telephone communications with the undercover FBI agent in which: (1) I indicated that I understood the females at the auction would be sold into slavery against their will; (2) I stated that I owned a facility in Nevada in which I had previously housed slaves; (3) I stated that my usual method of "training" slaves was to insert a speculum into their vagina and convince them that a device had been placed inside of them that would explode if they attempted to leave the facility; and (4) I offered to pay $2,300 in order to obtain a female, whom I stated I planned to use for sexual purposes. Subsequently, I stated in recorded telephone conversations that I planned to keep the slave "hooded and gagged all day long," and would also keep her in a soundproof box.

As part of the agreement, in December 2013, I ordered a Scopolamine, a drug, from China. I intended to use the drug to sedate my female slave as I drove her from Arizona to California. On December 30, 2013, I told my co-conspirator that I planned to

test the efficacy of the Scopolamine on New Year's Eve.  On January 19, 2014, I attempted to test the efficacy of the Scopolamine in a movie theater. I discussed the results with my co-conspirator, and we agreed that I would use the Scopolamine on the female slave I obtained prior to using it on an individual whom my co-conspirator knew in Las Vegas.

On January 20, 2014, I obtained a Lincoln to drive to Arizona in order to examine and obtain the female slave. On January 24, 2014, I drove to Arizona, where I was arrested on January 25, 2014. At the time of my arrest, I had $200, which I intended to use to pay for 'room and board' for the slave so I could keep her for the weekend. The scopolamine, a bag containing restraints such as zip-ties, handcuffs, and ropes, and one clothing item that I intended to use for the slave were all recovered from my vehicle and hotel room in Arizona. Agents found a 4-foot by 8-foot soundproof booth at my residence in California. In addition to obtaining the slave in order to have sex with her, I was hopeful that I could assist the auctioneers (who were actually FBI agents) in drugging and hypnotizing other kidnapped slaves in return for payment, which I would use in part to repay $30,000 I owed to my co-conspirator.

c.     The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

## APPROVAL AND ACCEPTANCE OF THE DEFENDANT

I have read the entire plea agreement with the assistance of my advisory counsel as necessary. I understand each of its provisions and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my advisory counsel.  I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness

- 7 -

against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised of and understand the nature of the charges to which I am entering my guilty plea. I have further been advised of and understand the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

I have been advised, and understand, that under the Sex Offender Registration and Notification Act, a federal law, I must register and keep the registration current in each of the following jurisdictions: where I reside; where I am an employee; and where I am a student. I understand that the requirements for registration include providing my name, my residence address, and the names and addresses of any places where I am or will be an employee or a student, among other information. I further understand that the requirement to keep the registration current includes informing at least one jurisdiction in which I reside, am an employee, or am a student not later than three business days after any change of my name, residence, employment, or student status. I have been advised, and understand, that failure to comply with these obligations subjects me to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement. I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon

1   such revocation, notwithstanding any other provision of this agreement, I may be
2   required to serve a term of imprisonment or my sentence otherwise may be altered.

3       This written plea agreement, and any written addenda filed as attachments to this
4   plea agreement, contain all the terms and conditions of the plea.   Any additional
5   agreements, if any such agreements exist, shall be recorded in a separate document and
6   may be filed with the Court under seal; accordingly, additional agreements, if any, may
7   not be in the public record.

8       I further agree that promises, including any predictions as to the Sentencing
9   Guideline range or to any Sentencing Guideline factors that will apply, made by anyone
10  (including my attorney) that are not contained within this written plea agreement, are null
11  and void and have no force and effect.

12      I am satisfied that I have represented myself competently.

13      I fully understand the terms and conditions of this plea agreement.  I am not now
14  using or under the influence of any drug, medication, liquor, or other intoxicant or
15  depressant that would impair my ability to fully understand the terms and conditions of
16  this plea agreement.

17      _1-7-15_____

18  Date                              CHARLES WILLIAM BUNNELL, II
                                      Defendant
19

20  //
21
22  //
23
24  //
25
26  //
27
28  //

1

## APPROVAL OF THE UNITED STATES

2      I have reviewed this matter and the plea agreement.  I agree on behalf of the

3  United States that the terms and conditions set forth herein are appropriate and are in the

4  best interests of justice.

5

6                                        JOHN S. LEONARDO
                                         United States Attorney
7                                        District of Arizona

8   1/7/15
    Date
9                                        KRISSA M. LANHAM
                                         CHRISTINE D. KELLER
10                                       Assistant U.S. Attorneys

11                    **ACCEPTANCE BY THE COURT**

12

13   8/7/15
    Date
14                                       Honorable DAVID G. CAMPBELL
                                         United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28